Michael Connett (SBN 283360)
**SIRI & GLIMSTAD LLP**
700 S. Flower Street, Ste. 1000
Los Angeles, CA 90017
Telephone: (772) 783-8436
mconnett@sirillp.com

Mason A. Barney*
Tyler J. Bean*
Sonjay C. Singh*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (772) 783-8436
mbarney@sirillp.com
tbean@sirillp.com
ssingh@sirillp.com

GRANTED
Judge Nathanael M. Cousins

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **L.F.** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**JWS AMERICA, INC. D/B/A LIVEJASMIN,**<br><br>Defendant. | No. 5:25-cv-05492 NC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY** |

Plaintiff L.F. ("Plaintiff") by and through counsel, seeks the Court's leave to appear and proceed pseudonymously for the reasons stated as follows:

**1**
**PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

## I. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is an adult citizen of the United States who has registered for an account and watched pornographic videos on the Defendant's website, www.livejasmin.com (the "Website"). The Website is an online platform which hosts a wide range of both pre-recorded and live pornographic video content.[1]

In her Complaint, Plaintiff alleges that Defendant installed surveillance software on the Website that collects personally identifiable, highly sensitive information about its users, including the specific pornographic videos that they watch. *Id.* ¶¶ 1-14. Plaintiffs further allege that Defendant contemporaneously transmits this sensitive information to third-party internet advertisers in exchange for marketing services. *Id.*

## II. LEGAL ARGUMENT

**A. A plaintiff may be excused from identifying herself where she demonstrates a sufficiently compelling privacy interest.**

While Rule 10(a) of the Federal Rules of Civil Procedure provides that a complaint must state the names of all parties, parties are permitted to "use pseudonyms in the unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Specifically, "a party may

---

[1] *See* Class Action Complaint (Dkt. No. 1) ("Complaint"), ¶ 4.

**2**
**PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*.

**B. Due to the highly sensitive factual matter underlying this action, Plaintiff is at a severe risk of suffering embarrassment and reputational harm if she is not permitted to proceed pseudonymously.**

As the Supreme Court has stated, an individual's sexual behavior within their own home represents the "most private human conduct…in the most private of places." *Lawrence v. Texas*, 539 U.S. 558, 567 (2003). Pornography consumption is no exception. In fact, numerous studies have noted both that pornography usage is nearly ubiquitously linked to significant feelings of shame, and that consumers of pornography almost always keep their pornography viewing secret from others. Complaint ¶ 81 (collecting studies linking shame and social stigma to pornography consumption). Moreover, courts in this Circuit have found a party's right to privacy sufficient to allow pseudonymous proceeding in similar cases revolving around a litigant's sexuality and sexual conduct. *See, e.g., Quad Int'l., Inc. v. Doe*, No. C 12-05433 CRB (LB), 2012 U.S. Dist. LEXIS 165216, at *7 (N.D. Cal. Nov. 16, 2012) ("allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality"); *A.D. v. Church & Dwight Co., Inc.*, No. 2:24-cv-02701 WBS SCR, 2025 U.S. Dist. LEXIS 6281, at *1 (E.D. Cal. Jan. 10, 2025)

3

PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

(same as to "use of pregnancy tests, fertility tests, and other reproductive health products"); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (same as to sexual orientation).

As Plaintiff's public identification will infringe upon a profound and commonly accepted privacy right implicating a significant social stigma, she has demonstrated that unless allowed to proceed pseudonymously, she will be exposed to significant ridicule and public embarrassment.

**C. Defendant will not be prejudiced if Plaintiff is allowed to proceed pseudonymously.**

Plaintiff will privately disclose her identity to Defendant through its counsel. As Defendant will "know[] Plaintiff['s] identit[y]…Plaintiff[] proceeding anonymously does not hinder Defendant's ability to litigate this case." *J.J. v. Ashlynn Mktg. Grp., Inc.*, No. 24-cv-00311-GPC-MSB, 2024 U.S. Dist. LEXIS 227215, at *6 (S.D. Cal. Dec. 16, 2024).

**D. The public's interest in learning Plaintiff's name is far outweighed by the public's interest in preventing a chilling effect on similar privacy litigation.**

While there is a public interest in open judicial proceedings, there is also a significant public interest favoring the disposition of cases on their merits. *See Advanced Textile Corp.* at 1073 (9th Cir. 2000). Plaintiff alleges that through the surveillance software installed on the Website, Defendant surreptitiously recorded, transmitted, and

4

**PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

sold Plaintiff's communications regarding one of the most private, sensitive, and embarrassing aspects of her life: her pornography viewing habits. *See* Complaint ¶¶ 1-15, 16-20. If this Court refuses to allow Plaintiff to proceed pseudonymously, it will essentially be holding that, to seek recompense for the unlawful disclosure of highly sensitive personal information, a potential litigant must first make that same highly sensitive information available to the public. As a result, those aggrieved by privacy violations like those alleged by Plaintiff would be confronted with a cruel choice: either forego seeking recompense for the violation of privacy they have suffered, or experience a second, self-incurred privacy injury by filing suit within a publicly accessible, searchable docket.

Moreover, numerous Courts within this Circuit have noted that, where allegations involve pornography usage, it is not uncommon for a party to disclose its opposition's pornographic viewing history in a public filing in an attempt at incentivizing a settlement. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 304 (E.D. Cal. 2016); *Quad Int'l.*, 2012 U.S. Dist. LEXIS 165216, at *7; *Hard Drive Prods. v. Doe*, No. C 11-03827 LB, 2011 U.S. Dist. LEXIS 127428, at *12 (N.D. Cal. Nov. 3, 2011); *Third Degree Films v. Doe*, No. C 11-02768 LB, 2011 U.S. Dist. LEXIS 128030, at *11 (N.D. Cal. Nov. 4, 2011). This concern is significant in this case. As Plaintiff's pornography consumption is central to this matter, it is very possible that Defendant will publicize her pornographic viewing history through the Court docket in an attempt to force

Plaintiff into an unfavorable settlement, rather than experience further humiliation. Such a result would undoubtedly have a severe chilling effect on any similar litigation in the future. Indeed, as many courts in this Circuit have recognized, where forcing a plaintiff to publicly identify herself would deter similar claims, there is a significant public interest served by allowing the plaintiff to proceed pseudonymously.[2]

In contrast, the public interest that may be served through forcing Plaintiff to identify herself publicly is slight. Plaintiff alleges that Defendant systematically collected and disclosed not only her pornography consumption data, but that of thousands of other individuals. *See* Complaint ¶¶ 91-100. While the public certainly has an interest in the subject matter of the litigation—the surreptitious farming of sensitive, personal information by website providers—that interest is not particularly advanced by identifying the name of one out of the thousands of impacted individuals, especially when that name will be provided to the Defendant. *See Doe v. Cty. of El Dorado*, No. 2:13-CV-01433-KJM-KJN, 2013 U.S. Dist. LEXIS 169883, at *13 (E.D. Cal. Dec. 2,

---

[2] *See, e.g., Advanced Textile Corp.* at 1073 (9th Cir. 2000) (finding that as forcing plaintiffs to identify themselves would discourage them from litigating, "permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward."); *Ashlynn Mktg. Grp., Inc.*, Dist. LEXIS 227215, at *6 (S.D. Cal. Dec. 16, 2024) ("In fact, if disclosure of Plaintiffs' names would disincentivize lawsuits of this nature for fear of embarrassment, the public's interest would potentially be harmed by disclosure"); *R.W. v. Columbia Basin Coll., A Pub. Inst.*, No. 4:18-CV-5089-RMP, 2018 U.S. Dist. LEXIS 246580, at *10 (E.D. Wash. Oct. 16, 2018) ("the public has an interest in seeing this case decided on its merits, which is more likely to occur if [plaintiff] were allowed to proceed anonymously").

2013) (finding that where "anonymity does not 'obstruct public scrutiny of the important issues' in a case…the public interest instead militates in favor of 'seeing [the] case decided on the merits.'"); *Doe v. Github, Inc.*, 672 F. Supp. 3d 837, 854 (N.D. Cal. 2023) ("Where the plaintiffs' identities are not central to the issues raised by a case…the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously").

As there is a strong public interest against disincentivizing claims such as Plaintiff's, and a comparatively weaker interest in Plaintiff's public identification, the public's interest weighs in favor of Plaintiff's Motion.

### III.  CONCLUSION

For these reasons, Plaintiff respectfully requests this Honorable Court grant this Motion and allow her to proceed pseudonymously.

Dated: July 2, 2025                              Respectfully submitted,

*/s/ Michael Connett*
Michael Connett (SBN 283360)
**SIRI & GLIMSTAD LLP**
700 S. Flower Street, Ste. 1000
Los Angeles, CA 90017
Telephone: (772) 783-8436
mconnett@sirillp.com

*** Signatures Continue on Following Page***

Mason A. Barney*  
Tyler J. Bean*  
Sonjay C. Singh*  
**SIRI & GLIMSTAD LLP**  
745 Fifth Avenue, Suite 500  
New York, New York 10151  
Tel: (772) 783-8436  
mbarney@sirillp.com  
tbean@sirillp.com  
ssingh@sirillp.com  

*pro hac vice admission anticipated*

**PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**